FILED

2025 JUN -2 PM 5:00
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

KATRINA SANCHEZ
P.O Box 1679 #4062
Sacramento, CA 95812
(805) 817-7122
Email: paralegalhelpinca@gmail.com
Safe at Home Participant

PLAINTIFF in *Pro Se*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KATRINA SANCHEZ, an individual
Petitioner/Plaintiff,

v.

RUSSELL D. REDEAUX, an individual; OTSS, LLC, a corporation and DOES 1 through 10
Respondent/Defendant

Case No.: CV25-4999-JAK(PVCx)

COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

**DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. This action arises from Defendants' willful infringement of Plaintiff's trademark rights in the mark "ONLY THE STRONG SURVIVE" (the "Mark"). Plaintiff created and first used the Mark in commerce in 2016 in connection with apparel and charitable services. Despite knowledge of Plaintiff's prior rights, Defendant Russell Redeaux began using the identical Mark for identical goods and services, and subsequently filed a trademark application with the United States Patent and Trademark Office ("USPTO") falsely claiming a bona fide intention to use the Mark. Defendants' actions have caused and continue to cause irreparable harm to Plaintiff's business and reputation.

//

//

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b), as this action arises under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq. (the "Lanham Act").

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, and Defendants reside in this District.

**PARTIES**

5. Plaintiff [PLAINTIFF] is an individual residing in Los Angeles County, California, and is a participant in the Safe at Home Confidential Address Program pursuant to Cal. Gov. Code § 6205 et seq.

6. Upon information and belief, Defendant Russell Redeaux is an individual residing in Los Angeles County, California.

7. Upon information and belief, Defendant OTSS, LLC is a California limited liability company with its principal place of business in Los Angeles County, California.

**FACTUAL BACKGROUND**

**Plaintiff's Creation and Use of the "ONLY THE STRONG SURVIVE" Mark**

8. In 2019, Plaintiff established the Only The Strong Survive Foundation, as evidenced by Articles of Incorporation dated April 9, 2018.

9. Plaintiff has used the trademark "ONLY THE STRONG SURVIVE" continuously in commerce since 2016 in connection with community programs, charitable activities, and apparel sales.

10. In June 2019, Plaintiff contracted with a manufacturer to produce clothing bearing the "ONLY THE STRONG SURVIVE" Mark.

11. Since 2016, Plaintiff has continuously used the "ONLY THE STRONG SURVIVE" Mark in commerce in connection with apparel and charitable services.

12. Plaintiff maintains websites at www.otssfoundation.org and www.otssclothing.com, which have been in operation since 2016, respectively.

13. Plaintiff has expanded the use of the "ONLY THE STRONG SURVIVE" Mark to include community events, such as the event held on November 1, 2020.

14. On January 15, 2021, the Only The Strong Survive Foundation received IRS 501(c)(3) Tax-Exempt Status.

15. Plaintiff has invested over $150,000 in developing, marketing, and promoting the "ONLY THE STRONG SURVIVE" brand over the past nine years through various business ventures, community programs, and charitable activities.

**Defendants' Knowledge of Plaintiff's Prior Rights**

16. Defendant Russell Redeaux is the father of Plaintiff's son.

17. Defendant Redeaux was aware of Plaintiff's creation and use of the "ONLY THE STRONG SURVIVE" Mark prior to his own use of the Mark.

18. Text message exchanges between Plaintiff and Defendant Redeaux regarding promotion of the brand demonstrate his knowledge of Plaintiff's prior rights in the Mark.

19. At no time did Plaintiff transfer or assign any rights in the "ONLY THE STRONG SURVIVE" Mark to Defendants, nor did Plaintiff authorize Defendants to use the Mark for their own commercial purposes.

**Defendants' Infringing Activities**

20. Despite having full knowledge of Plaintiff's creation and prior use of the "ONLY THE STRONG SURVIVE" Mark, Defendants began using the identical Mark for identical goods and services.

21. In August 2022, Defendant Redeaux filed a trademark application with the USPTO for "ONLY THE STRONG SURVIVE" as an "Intent to Use" application, declaring under penalty of perjury that he was not using the Mark in commerce but had a bona fide intention to do so.

24. Defendants have continued their infringing activities despite Plaintiff's demands to cease and desist.

25. On May 27, 2025, Defendant Redeaux received a Notice of Allowance from the USPTO for the trademark "ONLY THE STRONG SURVIVE."

26. Plaintiff attempted to oppose Defendant's application through proper USPTO channels but encountered technical issues with the USPTO electronic filing system that prevented her from filing a timely opposition.

27. In April 2025, Plaintiff filed communications with the USPTO documenting these technical difficulties and submitted a Petition to the Director requesting an extension to file an opposition.

28. Despite Plaintiff's petition, the USPTO issued a Notice of Allowance to Defendant on May 27, 2025.

29. Instead of collaborating to build a family brand with Plaintiff and their son, Defendant retaliatorily signed an agreement with registered mark "LANDLORD LOCKERROOM," demonstrating his intent to undermine rather than respect Plaintiff's trademark rights.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**(Federal Unfair Competition - 15 U.S.C. § 1125(a))**

30. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31. Plaintiff has continuously used the "ONLY THE STRONG SURVIVE" Mark in commerce since 2016 in connection with apparel and charitable services.

32. By virtue of Plaintiff's continuous and extensive use of the Mark, the Mark has become associated with Plaintiff's goods and services in the minds of relevant consumers.

34. Defendants' actions constitute unfair competition in violation of 15 U.S.C. § 1125(a).

35. Defendants' actions have been willful and deliberate, entitling Plaintiff to enhanced damages and attorneys' fees.

36. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer irreparable harm to her business, reputation, and goodwill.

**SECOND CAUSE OF ACTION**

**(Common Law Trademark Infringement)**

37. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38. Plaintiff has prior rights in the "ONLY THE STRONG SURVIVE" Mark by virtue of her continuous use of the Mark in commerce since 2016.

39. Defendants' unauthorized use of the identical Mark for identical goods and services constitutes trademark infringement under the common law of the State of California.

40. Defendants' actions have been willful and deliberate.

41. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer irreparable harm to her business, reputation, and goodwill.

**THIRD CAUSE OF ACTION**

**(Unfair Competition - Cal. Bus. & Prof. Code § 17200 et seq.)**

42. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 41 as if fully set forth herein.

43. Defendants' unauthorized use of the "ONLY THE STRONG SURVIVE" Mark constitutes unfair, deceptive, untrue, and misleading advertising and an unfair business practice in violation of

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For a temporary restraining order, preliminary injunction, and permanent injunction enjoining Defendants and their agents, servants, employees, and all persons acting in concert with them, from: a. Using the "ONLY THE STRONG SURVIVE" Mark or any confusingly similar mark in connection with the advertising, promotion, or sale of any goods or services; b. Taking any action to prosecute the trademark application for "ONLY THE STRONG SURVIVE" (Serial No. 97549083), including filing a Statement of Use or responding to any USPTO Office Actions; c. Making any representations, express or implied, that Defendants' goods or services originate from, are associated with, or are endorsed by Plaintiff;

2. For an order requiring Defendants to file with the Court and serve on Plaintiff within thirty (30) days after service of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

3. For an order requiring Defendants to expressly abandon USPTO Trademark Application Serial No. 97549083;

4. For damages in an amount to be determined at trial;

5. For an accounting of Defendants' profits pursuant to 15 U.S.C. § 1117;

6. For an order that Defendants Redeaux and OTSS, LLC cease pressuring or otherwise communicating with the PARTIES' son, PARTIES son schools and Redeaux or STAMPEX regarding the promotion or marketing of the ONLY THE STRONG SURVIVE or OTSS brands effectively immediately;

7. For an award of damages to Plaintiff Sanchez as to Defendants' Redeaux and OTSS, trademark infringement and unfair competition effectively immediately;

9. For an order that Plaintiff Sanchez, Plaintiff Only The Strong Survive Foundation and Defendants Redeaux and OTSS, LLC mandatory mediation;

10. For enhanced damages pursuant to 15 U.S.C. § 1117;

11. For an award of Plaintiff Sanchez her costs, expenses, and reasonable attorneys' fees incurred in this action effectively immediately; and

12. For such other and further relief as the Court deems just and proper.

13. For enhanced damages pursuant to 15 U.S.C. § 1117;

14. For attorneys' fees and costs pursuant to 15 U.S.C. § 1117;

15. For pre-judgment and post-judgment interest; and

16. For such other and further relief as the Court deems just and proper.

DATED: June 2, 2025

Respectfully submitted,

/s/Katrina Sanchez

KATRINA SANCHEZ Plaintiff in Pro Per

**DEMAND FOR JURY TRIAL**

By its undersigned Plaintiff hereby demands jury trial.

DATED: 6/2/25

/s/ Katrina Sanchez

KATRINA SANCHEZ, Plaintiff in Pro Se