# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Katrina Sanchez,<br><br>v.<br><br>**PLAINTIFF(S)** | **CASE NUMBER**<br><br>2:25-cv-04999-CBM-PVC |
| Russell D. Redeaux, et al.,<br><br>**DEFENDANT(S)** | **ORDER ON REQUEST TO PROCEED**<br>***IN FORMA PAUPERIS***<br>**(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

The Request to Proceed In Forma Pauperis does not show how Plaintiff pays her average monthly expenses of $6,112.

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☒ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☐ As explained in the attached statement, the Request is DENIED because:
  ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☐ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☒ Within 30 days of the date of this Order, the filer must do the following:

Plaintiff must file a Request to Proceed In Forma Pauperis that shows how she pays her average monthly expenses. In the alternative, Plaintiff must pay the filing fee of $405.

Plaintiff also must file an Amended Complaint. See the attached statement.

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

_____June 5, 2025_____          _____
Date                             United States District Judge

CV-73 (07/22)          ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

On June 2, 2025, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (Dkt. Nos. 1, 3.) Plaintiff alleges infringement of her mark, "Only the Strong Survive." (Dkt. No. 1 at 5-6.) The Defendants are the father of Plaintiff's son and a company in Los Angeles. (Id. at 2, 3.) Plaintiff alleges that she has been continuously using the mark in commerce since 2016. (Id. at 2.) Defendants, while allegedly aware of the mark, began using an identical mark for identical goods and services, and they eventually received a notice of allowance of the mark from the United States Patent and Trademark Office on May 27, 2025. (Id. at 3.) Plaintiff raises a federal claim of unfair competition (15 U.S.C. § 1225(a)), as well as state law claims. (Id. at 4-5.) Plaintiff seeks an order enjoining further use of the mark and awarding damages. (Id. at 7.)

Because Plaintiff seeks to proceed in forma pauperis, the Court has reviewed the Complaint to determine whether the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Because the Complaint fails to state a federal claim upon which relief may be granted, Plaintiff is ordered to file an Amended Complaint if she wishes to proceed.

To state a claim for Lanham Act unfair competition, Plaintiff must "allege (1) ownership interest in a mark, and (2) the likelihood of the infringing mark being confused with the plaintiff's mark." Sebastian Brown Productions, LLC v. Muzooka, Inc., 143 F. Supp. 3d 1026, 1039 (N.D. Cal. 2015). Plaintiff has not plausibly alleged either requirement.

First, "the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." Sengoku Works Ltd. v. RMC Intern., Ltd., 96 F.3d 1217, 1219 (9th Cir. 1996). The party must allege "prior and continuous use." Bell v. Harley-Davidson Motor Co., Inc., 2007 WL 935588, at *4 (S.D. Cal. Mar. 6, 2007). The party also must allege "sufficient market penetration in the area in which protection is requested." Hanginout, Inc. v. Google, Inc., 54 F. Supp. 3d 1109, 1134 (S.D. Cal. 2014). Although Plaintiff alleges she has been using the mark continuously since 2016, "there are simply no facts to support this contention." Professional's Choice Sports Medicine Products, Inc. v. Eurow & O'Reilly Corp., 2013 WL 12077438, at *4 (S.D. Cal. Nov. 12, 2013). Plaintiff has not provided allegations to "allow the Court to make the inferential leap that ever since then, Plaintiff has been marketing, advertising, or selling its product with this mark." Id. Plaintiff also has not alleged market penetration, which "is determined by examining the trademark user's volume of sales and growth, number of persons buying the trademarked product in relation to the number of potential purchasers, and the amount of advertising in a given market." Hanginout, 54 F. Supp. 3d at 1135.

Second, the likelihood of confusion is "whether the similarity of the marks is likely to confuse customers about the source of the products." Nasser v Julius Sammann Ltd., 2019 WL 1369009, at *5 (S.D. Cal. Mar. 25, 2019). Courts "typically consider the following factors: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines." Id. (citing AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979) abrogated in part on other grounds by Mattel, Inc. v. Walking Mountain Productions, 353 F.3d 792 (9th Cir. 2003)). Plaintiff has not plausibly alleged likelihood of confusion.

If Plaintiff wishes to proceed, she is ordered to file an Amended Complaint within 30 days. The Amended Complaint will be complete in itself and will not refer to the initial Complaint. The Amended Complaint should not add new parties or claims. The Amended Complaint will plausibly allege a claim of Lanham Act unfair competition. The failure to file an Amended Complaint, or the filing of an Amended Complaint without the required allegations, may result in the dismissal of this action.

*(attach additional pages if necessary)*